NOT DESIGNATED FOR PUBLICATION

No. 116,723

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN DELANEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 18, 2017.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Thomas R. Stanton*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.

*Per Curiam*:  Generally, when a district court finds that a probationer violated his or her probation, the court must impose intermediate sanctions before revoking probation and imposing the underlying sentence. K.S.A. 2016 Supp. 22-3716(c). John Delaney argues that the district court erred by failing to impose intermediate sanctions before it revoked his probation. Although we agree that the district judge committed a fundamental error in refusing to even consider the application of K.S.A. 2016 Supp. 22-3716 and its rules regarding the use of intermediate sanctions in probation revocation

1

cases, we find that there was a clear basis to revoke Delaney's probation when the statute is properly applied. Accordingly, the district court's decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Delaney pled guilty to failure to register as a sex offender. Per his criminal history score of B, Delaney's presumptive sentence was, under our sentencing scheme, a range of 37 to 41 months in prison. Pursuant to a plea agreement, the district court granted Delaney's request for a dispositional departure sentence on the basis that Delaney assisted law enforcement in a first-degree murder case. The court placed Delaney in Community Corrections for 24 months with an underlying sentence of 39 months. The court specifically found that House Bill 2170 did not apply. H.B. 2170, now codified at K.S.A. 2016 Supp. 22-3716, requires a judge to impose a series of graduated intermediate sanctions before requiring that a defendant serve his or her prison sentence. See L. 2013, ch. 76, sec. 5. It is unclear from the record how the district judge reached the conclusion that he had the authority to determine if and when the statute applied.

In November 2015, the district court issued an order to arrest and detain Delaney on the basis of a number of probation violations. These included five positive drug tests, refusal to submit to a drug test, sending a threatening text message, and getting a job without approval, consistent with the State's motion to revoke Delaney's probation. The State later amended its motion to add two new allegations. First, that Delaney told KWCH News, a local news station, that "he was going to get shotguns and AK47s and go down to the courthouse with his militia" with the intent of arresting the Sedgwick County Sheriff and the Sedgwick County District Attorney. Delaney "stated to KWCH personnel that, 'I'll bet you cover that story.'" Second, that Delaney had been charged with new offenses for possession of marijuana and methamphetamine.

The district court held a probation revocation hearing in December 2015. The State presented evidence that supported the allegations in its motion to revoke. Before ruling, the district judge reiterated that H.B. 2170 would not apply. The district judge stated that he does not apply H.B. 2170 when he has concerns about the defendant's criminal history and only grants a departure at the recommendation of the State. The court then revoked Delaney's probation and ordered him to serve the underlying sentence.

Delaney appealed.

ANALYSIS

We begin our analysis with reiterating the reference by the district judge to H.B. 2170. This bill amended Kansas' probation procedures as of July 1, 2013. The amendment created a series of intermediate sanctions that district courts could impose after finding a defendant violated a condition of his or her probation. These new intermediate sanctions generally require district courts to impose short jail sentences on defendants who violate their probations before ordering them to serve their full underlying sentences. A district court can bypass the intermediate sanctions and impose the underlying sentence in three situations:  (1) the offender commits a new felony or misdemeanor; (2) the offender absconds from supervision; or (3) "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(8)-(9).

Delaney argues that the district court failed to make the statutorily required findings under the statute to support its bypass of intermediate sanctions. But, Delaney failed to object to this issue below. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below is properly before the court. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme

3

Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. See also *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Delaney does not explain why this court should consider his issue for the first time on appeal. Accordingly, we could dispose of this case solely based on Supreme Court Rule 6.02(a)(5).

But in the interest of justice, we are compelled to examine the merits of this case given the district judge's stated refusal to apply the law to the facts of this case and the real possibility that the issue is capable of arising again, at least with this judge.

On two different occasions, at Delaney's sentencing and again at his probation revocation hearing, the district judge expressed his position that he was not required to comply with the intermediate sanction provisions of H.B. 2170. He apparently, *sua sponte*, carved out an exception for himself—when he has concerns about the defendant's criminal history and when a departure is granted based on the State's recommendation. Unfortunately, there is no such statutory exception. Although at oral argument the State suggested that at sentencing the district judge was simply withholding the authority from court services to impose certain sanctions without further order of the court, his statement was much broader than that. See K.S.A. 2016 Supp. 21-6604(s)(1), (t)(1) (specifically providing that district court can withhold authority of court services or community corrections to impose certain sanctions); K.S.A. 2016 Supp. 22-3716(b)(4) (allowing court services officers or community corrections officers to impose sanctions in certain circumstances). The district judge clearly acted arbitrarily and capriciously in refusing to follow clear and unambiguous Kansas statutory law. However, that does not end our review.

A judge may bypass intermediate sanctions if the defendant commits a felony or misdemeanor while on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A). At the revocation hearing in this case, the State presented evidence that Delaney committed the felony

4

crime of criminal threat, in violation of K.S.A. 2016 Supp. 21-5415(a)(1). Criminal threat is defined as any threat to:

> "Commit violence communicated with the intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, or in reckless disregard of the risk of causing such fear or evacuation, lock down or disruption in regular, ongoing activities." K.S.A. 2016 Supp. 21-5415(a)(1).

We note that to establish a violation of this statute, an actual evacuation or disruption does not need to take place. If it does, it elevates the crime to one of aggravated criminal threat. K.S.A. 2016 Supp. 21-5415(b). The State is not required to establish that there was a conviction for the new crime, just that there is sufficient evidence to prove the new offense by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). In fact, the district court may revoke probation "based upon commission of another crime even if the defendant was never charged with the crime or was charged but later acquitted." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. *Ortega v. IBP, Inc.*, 255 Kan. 513, 527-28, 874 P.2d 1188 (1994).

The facts were undisputed. Here, there was a preponderance of the evidence to support a finding that Delaney threatened to commit violence—"he was going to get shotguns and AK47s and go down to the courthouse with his militia" with the intent of arresting the Sedgwick County Sheriff and the Sedgwick County District Attorney. At a minimum this communicated threat of violence, exhibited a reckless disregard of the risk of causing "evacuation, lock down or disruption in regular, ongoing activities." K.S.A. 2016 Supp. 21-5415(a)(1). In addition, Delaney admitted continued use of methamphetamine—an illegal substance to even possess. Accordingly, we see no need to remand this case to the district judge to follow the statute, since there was clearly a basis

5

to bypass intermediate sanctions and revoke Delaney's probation, regardless of the judge's broad ruling that H.B. 2170 did not apply. See *State v. Prine*, 297 Kan. 460, 481, 303 P.3d 662 (2013) (affirming district court as right for the wrong reasons).

Affirmed.